IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANGIE HRADIL, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>    *Plaintiffs,*<br><br>V.<br><br>PETROLEUM WHOLESALE, L.P., & SUNMART, INC.,<br><br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§  Civ. No. 5:19-cv-102<br>§<br>§  JURY DEMANDED<br>§<br>§<br>§<br>§ |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff Angie Hradil (individually, "Hradil"), on behalf of herself and all others similarly situated (collectively, "Plaintiffs"), files this Original Complaint against Petroleum Wholesale, L.P. & Sunmart, Inc. (collectively, "Defendants"), and would show as follows:

### I.    PRELIMINARY STATEMENT

1. This lawsuit seeks damages against Defendants for violations of the Fair Labor Standards Act ("FLSA"), as amended (29 U.S.C. § 201- *et. seq*.). Specifically, Plaintiffs allege that Defendants violated the FLSA by misclassifying their Assistant Store Managers and Store Managers as exempt from overtime and therefore failing to pay Assistant Managers and Managers minimum wage and overtime for all hours worked. Plaintiffs seek to certify this matter as a collective action under the FLSA. Plaintiffs also seek to recover unpaid minimum wages, unpaid overtime wages, statutory liquidated damages, and attorneys' fees.

### II.    PARTIES

2. Plaintiff Angie Hradil is an individual residing in Marion, Texas. Hradil is a former Assistant Store Manager and Store Manager for Defendants.

1

3. Defendant Petroleum Wholesale, L.P. ("Petroleum Wholesale") is a domestic limited partnership doing business in the State of Texas. This Defendant can be served with process by serving its registered agent for service of process, John W Cook, at 8550 Technology Forest Place, The Woodlands, Texas 77381.

4. Defendant Sunmart, Inc. ("Sunmart") is a company doing business in the State of Texas. This Defendant can be served with process by serving its registered agent for service of process, Ryan Edone, at 8550 Technology Forest Place, The Woodlands, Texas 77381.

5. At all times during Plaintiffs' employment, Defendants were joint employers of Hradil and the putative class members under 29 C.F.R. § 791.2.

### III.   JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.SC. §§ 1331 and 1345, and § 16(b) of the FLSA, 29 U.S.C. § 216(b), which provides, "An action to recover liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself and themselves and other employees similarly situated."

7. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Specifically, Defendants employed Hradil and other members of the putative class in Schertz, Texas.

### IV.   ALLEGATIONS

8. At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendants have been, though operation or common control, engaged in the performance of related activities for a common business purpose.

4

9. At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000.

10. According to its website, Petroleum Wholesale, L.P. is a privately owned motor fuel distributor in business since 1973. Headquartered in The Woodlands, TX with a western division office in Salt Lake City, UT, the company conducts business across nine states in the western United States. Petroleum Wholesale's convenience store chain, Sunmart, operates its fuel business under many names, including Exxon, Mobil, Chevron, Texaco and Conoco.

11. At all times hereinafter mentioned, Plaintiff and all others similarly situated were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

12. Hradil worked for Defendants from approximately December 2014 to January 2019. She worked as a Sales Associate from December 26, 2014 until January 25, 2015, when she was promoted to Assistant Store Manager. In approximately January 2018, she was promoted again to Store Manager. At all times, she worked at SunMart store number 120, located at Exit 593 on Interstate 10.

13. As Sales Associate, Hradil was paid $8.50 per hour for all hours worked, plus overtime if she worked more than forty hours per week.

14. As Sales Associate, Hradil performed the following job duties: helping customers, cashier duties, cleaning the store, cleaning the restrooms, and stocking shelves.

15. As Assistant Store Manager, Hradil was originally paid $500.00 per week, with occasional pay increases. By January 2018, she was earning $565.00 per week. She did not receive additional compensation for any work performed over forty hours per week, with one exception described below. However, she did earn quarterly, non-discretionary bonuses calculated based on set criteria including the location's payroll costs, secret shopper results, audits, and "shrinkage," which is the amount of the loss of inventory that can be attributed to factors like theft, administrative error, vendor fraud, damage in transit or in store, and cashier errors that benefit the customer.

16. As Assistant Store Manager, Hradil performed the same duties she did as Sales Associate: helping customers, cashier duties, cleaning the store, cleaning the restrooms, and stocking shelves. In fact, she spent approximately 90% of her time performing the exact same duties she performed as Sales Associate. In addition to these duties, Hradil spent less than one hour per day performing additional routine data collecting and recording tasks, including conducting fuel readings and counting the registers and deposits. The vast majority of the time, Hradil was alone at the store and did not direct the work of any other employees. Hradil did not have authority to spend money or to make decisions related to issues of importance.

17. As Store Manager, Hradil was originally paid $615.36 per week, with a later pay increase to $670.00. She did not receive additional compensation for any work performed over forty hours per week. However, she did earn quarterly, non-discretionary bonuses calculated based on set criteria including the location's payroll costs, secret shopper results, audits, and "shrinkage," which is the amount of the loss of inventory that can be attributed to factors like theft, administrative error, vendor fraud, damage in transit or in store, and cashier errors that benefit the customer.

18. As Store Manager, Hradil performed the same duties she did as Sales Associate and Assistant Store Manager.

19. As both Assistant Store Manager and Store Manager, Hradil regularly worked in excess of forty (40) hours per week in order to staff the store, which was open twenty-four hours a day, seven days per week.

20. On or about the weekend of April 7, 2017, for example, Hradil was forced to work approximately seventy hours straight, by herself, without any assistance. After she informed Defendants of her working conditions, they paid her minimum wage for approximately 70 hours of work on top of her weekly salary. This is the only occasion on which Defendants compensated Hradil for her extra work.

21. Since that weekend, Hradil began keeping careful, contemporaneous records of the time she spent working for Defendants. She recorded the time she arrived at work each day and the time she left. On average, based on those records, she worked over seventy-five hours per week, and occasionally she even worked over ninety hours per week.

22. Based on these hours worked, Hradil was routinely and regular denied both minimum wages of $7.25 per hour and overtime for all hours worked.

23. Hradil resigned from her employment with Defendants in January 2019.

24. Over the four years Hradil worked for Defendants, she encountered other Assistant Store Managers and Store Managers at other locations. Due to a centralized, company-wide policy, pattern and/or practice, Defendants internally classified all of their Assistant Store Managers and Store Managers as exempt from overtime. On information and belief, Defendants pay all Assistant Store Managers and Store Managers a weekly salary plus quarterly bonus and do not pay overtime. On information and belief, all Assistant Store Managers and Store

Managers perform similar duties to Hradil and spent a similarly small portion of their day performing non-Sales Associate duties. On information and belief, all Assistant Store Managers and Store Managers regularly work in excess of forty hours per week.

25. Defendants were aware that Hradil and all others similarly situated regularly worked in excess of forty (40) hours per workweek. In fact, when Hradil was promoted to Assistant Store Manager, her supervisor wrote on her job description, "50 hours <u>minimum</u>/wk. 5 ½ days/wk. Holidays <u>Yes</u>. On call 24 hours, 7 Days A Week." (emphasis in original). The job description also states that managers must "personally remain[] available to cover shifts in an emergency situation to keep the location operational."

26. Defendants were also aware that, because Hradil and all others similarly situated worked so many hours each week, their adjusted regular rate of pay regularly dipped below federal minimum wage of $7.25 per hour.

27. As a result, Defendants have unlawfully withheld minimum wages and overtime compensation from its Assistant Store Managers and Store Managers, including Hradil.

28. Defendants also unlawfully failed to include Hradil and other Assistant Store Managers and Store Managers' non-discretionary bonuses in their regular rate for the purposes of calculating overtime.

29. Defendants also failed to make, keep, and preserve accurate records with respect to Hradil and other Assistant Store Managers and Store Managers, including hours worked each workday and total hours worked each workweek, as required by 29 U.S.C. § 211(c), and supporting federal regulations.

30. Defendants' failure to pay minimum wages for all hours worked and to pay properly calculated overtime for all hours worked over forty was willful and not in good faith.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: FLSA – MINIMUM WAGES

31. Plaintiffs incorporate by reference all the allegations made in the preceding paragraphs.

32. Defendants have engaged in a pattern, policy, and practice of violating the FLSA, as detailed above, by compensating Plaintiffs through a weekly salary that is not sufficient to meet the minimum wage requirements of the Fair Labor Standards Act for all hours worked.

33. The minimum wage provisions set forth in the FLSA, 29 U.S.C. § 201 *et. seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the putative class members.

34. At all relevant times, Plaintiffs and the putative class members were employed by an entity engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

35. At all relevant times, Plaintiffs and the putative class members were employees of Defendants within the meaning of 29 U.S.C. § 203(e).

36. At all relevant times, Defendants have been an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

37. At all relevant times, Defendants employed Plaintiffs and the putative class members within the meaning of 29 U.S.C. § 203(g).

38. Defendants have engaged in a policy and/or practice of failing to pay Plaintiffs and the putative class members the applicable minimum wage for all hours Defendants suffered or permitted them to work.

39. As a result of the minimum wage violations, Plaintiffs and the putative class members have suffered damages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

40. Defendants' unlawful conduct has been willful and intentional. Defendants were aware or should have been aware that the practices described herein are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the putative class members.

41. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

42. Members of the putative class are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consent to Join this action. 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION: FLSA – OVERTIME WAGES

43. The preceding paragraphs are incorporated herein for all purposes.

44. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et. seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff and the putative class members.

45. Defendants misclassified Plaintiffs as exempt from overtime and failed to pay Plaintiff and the putative class members overtime wages at time and a half of their regular rate for hours that they worked over 40 hours in a work week.

46. As a result of Defendants' unlawful acts, Plaintiff and the putative class members have been deprived of overtime compensation in amounts to be determined at trial, and are

entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

47. Defendants' unlawful conduct has been willful and intentional. Defendants were aware or should have been aware that the practices described herein are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the putative class members.

48. Because Defendants' violation of the FLSA has been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## VI.     COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)

49. Pursuant to Section 16(b) of the FLSA, Hradil brings this Complaint as a collective action, on behalf of herself and all persons similarly situated who consent to join this litigation by filing a written consent with the Court and who also agree to be represented by Plaintiff's counsel, such persons making claims under the FLSA for the three years preceding the filing of this Complaint or the filing with the Court of each such person's written consent to joinder until entry of judgment after trial.

50. Defendants have a common policy or scheme of classifying Sales Managers and Assistant Sales Managers as exempt from overtime and not paying them time and one-half their regular rate of pay for hours worked over forty per week. Defendants also have a common policy or scheme of denying Sales Managers and Assistant Sales Managers the federally required minimum wage for all hours worked. As a result of this common policy or scheme, Defendants wrongfully denied Sales Managers and Assistant Sales Managers minimum wages for all hours worked and properly calculated overtime for all hours worked in excess of forty in a workweek. Therefore, the Court should certify a collective action of all current and former Sales Managers

Case 5:19-cv-00102 Document 1 Filed 02/05/19 Page 10 of 11

and Assistant Sales Managers employed by Defendants at any time during the three years preceding the filing of this Complaint.

51. Plaintiff is informed and believes, and based thereon, alleges that there are other FLSA class members who could "opt-in" to this class, the actual number of FLSA class members is readily ascertainable by a review of Defendants' records through appropriate discovery, and Plaintiff proposes to take proceedings in this action to have such persons notified of this litigation and given an opportunity to file written consents to join this litigation.

## VII.    JURY DEMAND

52. Plaintiffs demand a trial by jury.

## VIII.   PRAYER

52. Plaintiff prays for judgment against Defendants as follows:

(a) actual damages for unpaid overtime wages under the Fair Labor Standards Act;

(b) actual damages for unpaid minimum wages under the Fair Labor Standards Act;

(c) liquidated damages as provided by the Fair Labor Standards Act;

(d) reasonable attorney's fees under the Fair Labor Standards Act;

(e) pre-judgment and post-judgment interest as provided by law;

(f) all costs of court;

(g) certification of this matter as a collective action; and

(h) any other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ Lawrence Morales II
LAWRENCE MORALES II
State Bar No. 24051077
ALLISON S. HARTRY
State Bar No. 24083149
**THE MORALES FIRM, P.C.**
6243 IH-10 West, Suite 132
San Antonio, Texas 78201
Telephone No. (210) 225-0811
Facsimile No. (210) 225-0821
lawrence@themoralesfirm.com
ahartry@themoralesfirm.com

*ATTORNEYS FOR PLAINTIFF*